**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| SOUSS LLC | ) |
| | ) Civil Action No. 3:20-CV-88-RGJ |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge _____ |
| | ) |
| RISK PLACEMENT SERVICES, INC. | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT RISK PLACEMENT SERVICES, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant/Petitioner Risk Placement Services, Inc. ("RPS" or "Defendant"), by counsel, hereby files this Notice of Removal from Jefferson Circuit Court, Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division.  The grounds for removal are as follows:

**I.      THE REMOVED CASE.**

1.      The removed case is a civil action filed on or about January 6, 2020, and served via certified mail on January 9, 2020, in Jefferson Circuit Court, Jefferson County, Kentucky, by Souss LLC ("Souss" or "Plaintiff") against RPS, in a case captioned *Souss LLC v. Risk Placement Services, Inc.*, Case No. 20-CI-00095. (Exhibit 1, Letter from Plaintiff's Counsel, copy of Complaint, and tracking history).

2.      Souss alleges that RPS negligently failed to renew motor vehicle liability insurance, and based on RPS' alleged negligence, Souss lost its insurance coverage for four days. Souss seeks loss profits, court costs, and attorneys' fees.

## II. PAPERS FROM THE REMOVED ACTION.

3. As required by 28 U.S.C. § 1446(a), attached as Exhibit 2 are copies of all process, pleadings, orders, and other papers or exhibits served upon RPS or filed in the state court.

## III. THE VENUE REQUIREMENT IS MET.

4. Venue of this removal is proper under 28 U.S.C. § 1441(a) to the United States District Court for the Western District of Kentucky, Louisville Division, because Jefferson Circuit Court, Jefferson County, Kentucky is within the Western District of Kentucky, Louisville Division.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

6. Plaintiff is a Kentucky single-member, limited liability company with its principal place of business in Louisville, Kentucky. (Compl. at ¶ 1). Plaintiff's sole member is Tarik Belkhenfar, who resides in Louisville, Kentucky. (Exhibit 3, Souss' 2019 Annual Report). Therefore, for purposes of diversity jurisdiction, Plaintiff is a citizen of Kentucky. *See Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002) ("a limited liability company is not treated as a corporation and has the citizenship of its members").

7. RPS is, and was at the time this action was filed, a corporation incorporated in Illinois with its principal place of business in Rolling Meadows, Illinois. Accordingly, RPS is now and was at all relevant times a citizen of Illinois for the purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

8.  Because Souss was and is a citizen of Kentucky and RPS was not and is not a citizen of Kentucky, complete diversity exists under 28 U.S.C. § 1332.

### IV.  THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

9.  A case may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); 28 U.S.C 1446(c)(2)(A)(ii) and 1446(c)(2)(B); *see also Endrawes v. Safeco Ins. Co.*, 737 F. App'x 731, 734 (6th Cir. 2018) (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 (2010)). The preponderance of evidence standard requires only that the defendant allege facts sufficient to establish that the plaintiff would more likely than not seek to recover more than the jurisdictional amount. *Id.*

10. Souss brings a claim for negligence and seeks to recover compensatory and monetary damages, court costs, and legal fees for "loss of insurance coverage . . . causing an interruption in deliveries and the loss of additional delivery contacts" and for "the loss of contracts for delivery in a substantial sum." (Compl. at 2). Plaintiff values its loss-profits claim at $875,709.49. (Exhibit 4, Demand Letter). Based upon a fair reading of Plaintiff's Complaint, combined with Plaintiff's demand letter received shortly before the filing of the Complaint, these damages, more likely than not, exceed $75,000.00 in value, if proven. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) ("In such situations, the removing defendant must show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement.") (citations omitted).

11. Although RPS denies any liability for any and all of Souss' claims, Souss' allegations of damages indicate that the amount in controversy is more than $75,000, exclusive of interest and costs, in damages, thus exceeding the threshold for federal diversity jurisdiction. 28 U.S.C. § 1332(a). RPS's discussion of Souss' damages above is not, and should not be construed as, an admission of liability or that Souss is entitled to any of the relief he has requested.

12. Here, Souss brings a claim for negligence and seeks to recover compensatory and monetary damages, court costs, and legal fees for "loss of insurance coverage . . . causing an interruption in deliveries and the loss of additional delivery contacts" and for "the loss of contracts for delivery in a substantial sum." (Compl. at 2). Plaintiff values its loss-profits claim at $875,709.49. (Exhibit 4, Demand Letter). Based upon a fair reading of Plaintiff's Complaint, combined with Plaintiff's demand letter received shortly before the filing of the Complaint, these damages, more likely than not, exceed $75,000.00 in value, if proven. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) ("In such situations, the removing defendant must show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement.") (citations omitted).

13. Therefore, Souss' claimed damages are more than sufficient to satisfy the $75,000 amount in controversy required under 28 U.S.C. § 1332(a)(1).

V. **THE REMOVAL IS TIMELY.**

14. This Notice is filed on February 5, 2020, within 30 days after RPS was served by certified mail on January 9, 2020. (*See* Exhibit 1). Additionally, this Notice is filed within one year since commencement of this action. Notice of removal, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

## VI.     FILING OF REMOVAL PAPERS.

15.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, as well as a Notice of Filing for this Notice of Removal, is being filed with the Clerk of the Jefferson Circuit Court, and a copy of the same is being served on Plaintiff. A true and correct copy of this Notice is attached as Exhibit 5.

## VII.    RESERVATION OF RIGHTS.

16.     RPS reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove this case.

17.     RPS reserves all defenses and objections available under the applicable law and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

**WHEREFORE**, RPS hereby removes the above-captioned action from the Circuit Court in and for Jefferson County, Kentucky, and request that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

/s/ J. Tanner Watkins
J. Tanner Watkins
Philip Cecil
Dinsmore & Shohl LLP
101 S. Fifth Street, Ste. 2500
Louisville, Kentucky 40202
(502) 540-2300
(502) 540-2529 (FAX)
tanner.watkins@dinsmore.com
philip.cecil@dinsmore.com
*Counsel for Defendant*
*Risk Placement Services, Inc.*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies a true copy of the foregoing was this 5th day of February, 2020 served electronically and via U.S Mail to the following:

Grover S. Cox
635 West Main Street, Suite 300 B
Louisville, KY 40202
*Counsel for Plaintiff Souss LLC*

                                                 */s/* J. Tanner Watkins
                                                 *Counsel for Defendant Risk Placement Services, Inc.*