UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SOUSS LLC                                                                                          Plaintiff

v.                                                                          Civil Action No. 3:20-cv-88-RGJ

RISK PLACEMENT SERVICES, INC.                                                                      Defendant

* * * * *

**MEMORANDUM AND ORDER**

Defendant Risk Placement Services, Inc. ("RPS") moves for summary judgment. [DE 29-1]. Plaintiff Souss LLC ("Souss") responded [DE 31] and RPS replied [DE 32]. Briefing is complete, and the matter is ripe. For the reasons below, RPS's Motion for Summary Judgment [DE 29-1] is **GRANTED** and Souss's claim is **DISMISSED WITHOUT PREJUDICE**.

I.      BACKGROUND

Souss is a trucking company in Louisville, Kentucky. [DE 1-2 at 13]. Tarik Belkhenfar ("Belkhenfar") formed Souss in 2018 and obtained a Federal Motor Carrier Safety Administration ("FMCSA") number to haul loads interstate on January 29, 2018. [DE 31 at 389]. In 2018, Belkhenfar purchased insurance for Souss through Dave Covington ("Covington"), a broker with Logan Levell Hunt that specializes in transportation insurance. [*Id.*]. Covington requested that RPS bind motorist insurance coverage for Souss. [DE 29-1 at 87]. RPS is a managing agent and underwriter. [*Id.* at 86]. RPS served as the underwriter of Souss' motor carrier liability insurance with National Indemnity Company. [*Id.*]. RPS bound coverage, which was set to expire on January 29, 2019. [*Id.* at 87]. On or about January 21, 2019, RPS bound coverage, which became effective on January 29, 2019. [*Id.*]. Souss had uninterrupted insurance coverage from January 30, 2018 through January 29, 2020. [*Id.*; DE 31 at 390].

On January 2, 2019, the FMCSA sent Souss a letter notifying Souss that its operating authority would be revoked if Souss did not respond in thirty days with proof of insurance. [DE 29-1 at 88]. Souss did not report this letter to RPS. [*Id.*]. Neither Souss nor RPS responded to the FMCSA within the required timeframe. [*Id.*]. Because the FMCSA did not receive proof of insurance, Souss suffered an involuntary revocation of its operating authority on February 2, 2019. [DE 31 at 388]. Souss notified RPS that its operating authority had been revoked on February 4. [DE 29-1 at 89]. RPS worked with Souss's broker, Covington, to restore Souss's operating authority, and Souss resumed operations on February 8. [*Id.*]. Although this gap in operating authority lasted only six days, it caused Souss to be listed on the FMCSA website as obtaining its FMCSA number on February 9, 2019, instead of January 29, 2018. [DE 31 at 388].

Although Souss began operations again on February 8, Souss claims this it has been denied loads because it appears as a new business to brokers. [DE 31 at 388]. Although disputed by RPS [DE 29-1 at 89], Souss claims some shippers require at least three months of experience, while most require six to nine months of hauling experience. [DE 31 at 388]. Souss further represents that premium loads require at least one to two years of hauling experience before a trucking company could win that load. [*Id.*]. Brokers are less likely to place loads with newer, inexperienced hauling companies. [*Id.* at 397]. In an effort to mitigate any injury, RPS and Logan Levell Hunt contacted brokers to advise them that Souss was not a new hauling company, but its operating authority had been suspended due to a failure to provide proof of insurance to the FMCSA. [*Id.* at 397–98]. Souss claims that brokers remained unpersuaded by these efforts and continued to rely on the FMCSA listing indicating Souss was a new company. [*Id.*].

Souss filed a single-count complaint in Jefferson Circuit Court alleging RPS was "negligent in placing and obtaining the requested motor vehicle insurance." [DE 1-2 at 13]. Souss

alleges it suffered damages for "[l]oss of insurance coverage for four days," which interrupted transportation services and damages for loss of additional delivery contracts. [*Id.* at 14]. Souss also requests damages for its loss of status as being continually insured and for legal fees. [*Id.*]. RPS removed this case to the Western District of Kentucky. [DE 1]. RPS has moved for summary judgment on Souss's negligence claim. [DE 29-1].

## II. RPS'S MOTION FOR SUMMARY JUDGMENT [DE 29-1]

RPS moves for summary judgment asserting that Souss's claim fails as a matter of law. [DE 29-1 at 96]. First, RPS argues that Souss had uninterrupted insurance coverage, so there is no dispute based on Souss's complaint. [*Id.*]. Second, RPS asserts that it cannot be held liable for Souss's failure to follow FMCSA regulations. [*Id.* at 97]. Finally, RPS argues that Souss cannot prove that it has suffered damages. [*Id.* at 99]. In response, Sousse argues that RPS "failed to complete the placement of liability insurance," which led to the FMCSA's revocation of Souss's operating authority. [DE 31 at 400]. It alleges that RPS undertook the contractual duty to place liability insurance and notify the FMSCA. [*Id.*]. Souss also argues that the record supports its claim for damages. [*Id.* at 402].

### A. Summary Judgment Standard

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific facts showing a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Factual differences

are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion. *Id.* at 252.

The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

Rule 56(c)(1) requires that a "party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

### B. The Scope of Souss's Complaint

RPS argues that Souss only pled a claim for failure to continuously provide insurance, an issue that is no longer in dispute. [DE 29-1 at 97]. Souss does not directly respond to this claim Instead, Souss asserts that RPS's alleged failure to place insurance is synonymous with RPS's failure to file or report insurance coverage to the FMSCA. [DE 31 at 398–400]. Defendants are entitled to "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl.*

4

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Once a case has progressed to the summary judgment stage, the liberal pleading standards available at the motion to dismiss phase are no longer available. *See Tucker v. Union of Needletrades, Indus., & Textile Emps.,* 407 F.3d 784, 787–88 (6th Cir. 2005). If a plaintiff does decide to advance a new legal theory after discovery has concluded, then the correct course is to amend the complaint under Federal Rule of Civil Procedure 15(a). *See id.* at 788. "[A] plaintiff may not expand his claims to assert new theories for the first time in response to a summary judgment motion." *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 666 (6th Cir. 2012) (quoting *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007)).

In its complaint, Souss argues that "RPS, acting through its agents and or employees was otherwise negligent in placing and obtaining the requested motor vehicle insurance coverage." [DE 1-2 at 13]. Yet, it is undisputed that RPS did obtain the necessary motor vehicle insurance coverage for Souss. [DE 31 at 390]. Belkhenfar, testifying as Souss's corporate representative, admitted that Souss had insurance through the period in question. [DE 29-2, Hrg. Tr. 157 ("Like I say, I paid the insurance on time. I got proof of insurance. I'm good.")]. Therefore, Souss could not prevail on the theory that RPS did not obtain motor vehicle insurance for Souss.

Souss also argues that RPS "negligently failed to place the liability insurance." [DE 31 at 399]. In its response, Souss argues that failing to "place" insurance means RPS failed to file or report insurance coverage to the FMSCA. [*Id.* at 400]. Souss alleges that Michael Meyer ("Meyer"), an employee at RPS, admitted that "RPS failed to complete the placement of the liability insurance for Souss LLC that lead to the involuntary revocation of the FMCSA number." [*Id.*]. In the transcript Souss cited for this assertion, Meyer admits that "RPS did not make a filing on SOUSS['s] behalf." [DE 31-1, Hrg. Tr. at 428]. The filing Meyer mentioned in his deposition

5

was the filing with the FMSCA that would allow Souss to continue hauling loads across state lines. [*Id.* at 421–22]. Meyer was not discussing the placement of insurance with National Indemnity Company. As noted above, it is undisputed that Souss's insurance coverage remained uninterrupted. [DE 31 at 390].

Contrary to the argument in Souss's response, "place the liability insurance" [DE 31 at 399] or "placing . . . the requested motor vehicle insurance" [DE 1-2 at 13] cannot be construed to mean filing insurance coverage with the FMSCA. In the context of insurance coverage, "placing insurance" means that a broker placed the policy with an insurance company. *See Travelers Fire Ins. Co. v. Bank of Louisville*, 243 S.W.2d 996, 998 (Ky. 1951); *see also In re Highway Equipment Co.*, 153 B.R. 186, 190 (Bankr. S.D. Ohio 1993) ("[A]n insurance broker has some responsibility to his customer about the insurer with whom insurance is placed"); *Wright v. Sullivan Payne Co.*, 830 S.W.2d 250, 252 (Ky. 1992) (an intermediary "facilitated the placement of insurance coverage" with insurers and reinsurers). Claiming that "placing . . . the requested motor vehicle insurance" [DE 1-2 at 13] is synonymous with reporting coverage to the FMSCA is a novel interpretation of the phrase.

RPS served as the underwriter of Souss's motor carrier liability insurance with National Indemnity Company. [DE 29-1 at 86]. This means that RPS evaluated the risk associated with Souss's motor carrier liability insurance before "placing" the policy with National Indemnity Company, which acted as the actual insurer. Souss has not produced evidence that RPS failed to place insurance with National Indemnity Company. Nor does Souss mention the FMSCA or claim that RPS failed to report insurance coverage to a government agency in its complaint. [DE 1-2]. After reviewing Souss's filings, the Court notes that Souss first raised the argument that RPS failed to file insurance coverage with the FMSCA in its response to summary judgment. [DE 31 at 390].

6

The Sixth Circuit has analyzed similar cases when a party attempts to fit an additional claim within a claim already articulated in the complaint. *See, e.g.*, *Desparois*, 455 F. App'x 665. In *Desparois*, plaintiff included a claim in his amended complaint for failure to allow him "a sufficient opportunity to marshal facts and evidence to counter the charges." *Id.* Desparois then argued that a failure to provide him with a copy of a police report fit within the contours of his original claim. *Id.* Looking at the plain meaning of both allegations, the Sixth Circuit held that Desparois's latter claim was not included within the claim pled in his amended complaint. *Id.* ("The interpretation Desparois offers . . . is far from intuitive."). As a result, the defendant did not have notice that it would have to defend against the claim that it did not provide a police report to Desparois. *Id.* Here, Souss argues that RPS's failure to file insurance coverage with the FMSCA is captured within its claim that RPS failed to place and obtain insurance. [DE 31 at 399]. Similar to Despaois's argument, Souss's interpretation of its complaint is far from intuitive. *See Desparois*, 455 F. App'x 665. As noted above, the plain meaning of the claim that RPS was "negligent in placing . . . the requested motor vehicle insurance" [DE 1-2 at 13] is that RPS was negligent by failing to place coverage with an insurer. *See Travelers Fire Ins. Co.*, 243 S.W.2d at 998.

Because the Court does not apply a liberal pleading standard at summary judgment, Souss's claim that RPS failed to file insurance coverage with the FMSCA cannot be read into the complaint. *Tucker,* 407 F.3d at 787–88. Instead, Souss's complaint must be read as asserting that RPS negligently failed to obtain insurance for Souss or place insurance coverage with an underlying insurer. [DE 1-2 at 13]. As a result, RPS has satisfied its burden of demonstrating that no material fact is at issue. *Celotex Corp*, 477 U.S. at 322. Allowing Souss to assert a new claim that was not articulated in the complaint has been expressly prohibited by the Sixth Circuit. *See*

*Desparois*, 455 F. App'x at 666. RPS is entitled to fair notice of Souss's claims, which it may not have received given the timing of Souss's new claim. *Twombly,* 550 U.S. at 555. Because Souss's claim that RPS failed to file insurance coverage with the FMSCA was not included in its complaint and because the claim was first articulated in its response to summary judgment, the Court **GRANTS** RPS's motion for summary judgment. Allowing Souss to amend its complaint this close to trial would be prejudicial to RPS. However, the Court does not foreclose the possibility that Souss could refile a new complaint asserting amended claims. Therefore, Souss's claim will be dismissed without prejudice. Because the Court holds that Souss's claim is not captured within the scope of its complaint, the Court will not rule on the merits of RPS's additional arguments.

### III. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. RPS's Motion for Summary Judgment [DE 29-1] is **GRANTED** and Souss's claim is **DISMISSED WITHOUT PREJUDICE**.

Rebecca Grady Jennings, District Judge
United States District Court

May 31, 2022

cc:    Counsel of records