UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SOUSS LLC                                                                                              Plaintiff

v.                                                                              Civil Action No. 3:20-cv-88-RGJ

RISK PLACEMENT SERVICES, INC.                                                        DEFENDANT

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Defendant Risk Placement Services, Inc. ("RPS") moves to alter the Court's judgment. [DE 37]. Plaintiff Souss LLC ("Souss") responded [DE 38] and RPS replied [DE 40]. Sous moved to amend. [DE 39]. RPS responded [DE 40], but Souss failed to reply and the time has passed. Briefing is complete, and the matter is ripe. For the reasons below, RPS's Motion to Alter or Amend the Judgment [DE 37] is **GRANTED** and Souss's Motion to Amend [DE 39] is **DENIED**.

### I.  BACKGROUND

The facts are detailed in the Court's Order on summary judgment. [DE 35]. At issue is the Court's ruling on RPS's Motion for Summary Judgment. The Court granted RPS's motion and dismissed this action without prejudice because the claims that Souss asserted were not captured in its Complaint. [DE 35 at 510]. RPS now moves the Court to alter its Order to dismiss Souss's complaint with prejudice. [DE 37].

### II.  MOTION TO ALTER JUDGMENT [DE 37]

RPS argues that the Court's order dismissing Souss's Complaint without prejudice was in error. [DE 37]. To support this claim, RPS contends that a grant of summary judgment is an adjudication on the merits. [*Id.* at 519]. RPS further argues that failing to dismiss Souss's claims with prejudice would prejudice RPS. [*Id.* at 520]. Finally, RPS asserts that the record rebuts any

1

theory of liability put forth by Souss because Souss failed to connect RPS to any alleged damages. [*Id.* at 521]. In response, Souss argues that RPS mistakes the applicable case law. [DE 38].

### A. Standard

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991).

Although the Federal Rules of Civil Procedure do not expressly provide for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59(e). *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted).

"It is not the function of a motion to reconsider arguments already considered and rejected by the court." *White*, 2008 WL 782565, at *1 (citation omitted). When a party views the law in a light contrary to that of this Court, its proper recourse is not a motion for reconsideration but appeal to the Sixth Circuit. *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997). Moreover, "parties cannot use a motion for reconsideration to raise new legal arguments that could have been

raised before a judgment was issued." *United States v. Smith*, Case No. 3:08-cr-31-JMH, 2012 WL 1802554, at *1 (E.D. Ky. May 2012) (quoting *Roger Miller Music*, 477 F.3d at 395.

For these reasons, the Sixth Circuit instructs that a motion for reconsideration should be granted only in four situations: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted). Because there is an interest in the finality of a decision, motions for reconsideration "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. CIV.A.3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

**B. Analysis**

The Sixth Circuit has held that "summary judgment is a final adjudication on the merits." *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). The Fifth Circuit explained that failure to grant summary judgment without prejudice "is not an error of judgment or legal reasoning," but granting summary judgment requires prejudice. *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194–95 (5th Cir. 2011). This Court has adopted and applied the Fifth Circuit's reasoning in *Rivera*. *See, e.g.*, *Malone v. Dep't of the Treasury*, No. 1:19-CV-00170-GNS-HBB, 2020 WL 3642266, at *6 (W.D. Ky. July 6, 2020); *Malagese v. Fifth Third Bank, N.A.*, No. 3:17-CV-00489-GNS-RSE, 2020 WL 2736435 (W.D. Ky. May 26, 2020); *Amox v. S. Ky. Rural Elec. Coop. Corp.*, No. 1:18-CV-00120-GNS, 2020 WL 1542341, at *6 n. 5 (W.D. Ky. Mar. 31, 2020).

The Court granted RPS's motion for summary judgment without prejudice because Souss asserted claims that were not captured within the scope of its Complaint. [DE 35 at 510]. In granting summary judgment, the Court entered a judgment on the merits of the claims in Souss's

Complaint. *See Williams*, 981 F.2d at 903. Souss argues that the Court may grant summary judgment without prejudice under the existing case law. [DE 38 at 528]. Souss cites three cases from the Sixth Circuit in support of this proposition [*Id.* (citing *Guzowski v. Hartman*, 849 F.2d 252, 256 (6th Cir. 1988); *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977); *Durham v. Mason & Dixon Lines, Inc.*, 404 F.2d 864, 865 (6th Cir. 1968))]. Dismissal without prejudice in these cases was proper, but they were dismissed under Federal Rule of Civil Procedure 12(b)(6). Not one case cited by Souss was dismissed under Rule 56. Therefore, these cases do not support Souss's argument that the Court may dismiss Souss's Complaint without prejudice under Rule 56.

RPS properly uses its Motion to Alter Judgment to correct an error instead of rearguing the merits of its motion for summary judgment. *See Whitehead*, 301 F. App'x at 489. RPS does not assert new arguments that could have been raised in its motion for summary judgment. *See Smith*, 2012 WL 1802554, at *1. The case law supports RPS's argument that summary judgment should have been granted with prejudice. *See Williams*, 981 F.2d at 903; *Rivera*, 647 F.3d at 194–95. It is akin to a clerical error and not an error of judgment or legal reasoning. *See Rivera*, 647 F.3d at 194–95. Accordingly, RPS's motion properly allows the Court to correct a clear error of law. *See Leisure Caviar, LLC*, 616 F.3d at 615. RPS's Motion to Alter or Amend the Judgment [DE 37] is **GRANTED** and Souss's Complaint is **DISMISSED WITH PREJUDICE**.

### III. MOTION TO AMEND [DE 39]

Souss argues that judicial economy would be served by allowing it to amend the Complaint. [DE 38]. RPS contends that Souss's motion to amend is improper and must be denied. [DE 40].

### A. Standard

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough*, 427 F.3d at 1001 (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64 (2007)). The moving party has the burden of proving that no claim exists. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

B. Analysis

RPS argues that Souss may not amend because a final judgment has been entered. [DE 40 at 553]. Souss contends that allowing it to amend the Complaint would serve judicial economy. [DE 38 at 528].

"Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). "Unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a) [of the Federal Rules of Civil Procedure]." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008) (quoting *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir. 1994)). Once the district court dismisses an action, it must first reopen the case before a party may submit an amended complaint. *See id.*

Here, the Court dismissed on RPS's motion for summary judgment. [DE 35]. As explained above, this dismissal is with prejudice. Though the Court typically has discretion to grant or deny leave to amend, see *Kevin Tucker & Assocs., Inc.*, 64 F.3d at 1008, the Court cannot allow Souss to amend because the case has been dismissed. *See In re Ferro Corp. Derivative Litig.*, 511 F.3d at 624. The Court also held in its Order on summary judgment that allowing Souss to amend at this stage in the proceedings would be prejudicial to RPS. [DE 35 at 510]. This decision is supported by the fact that nearly three years have passed since Souss filed its first Complaint. *See Brumbalough*, 427 F.3d at 1001. Accordingly, Souss's Motion to Amend [DE 39] is **DENIED**.

## IV. CONCLUSION

Having considered the filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

(1)  RPS's Motion to Alter or Amend the Judgment [DE 37] is **GRANTED**, and Souss's Complaint is **DISMISSED WITH PREJUDICE**; and

(2)  Souss's Motion to Amend [DE 39] is **DENIED**.

*Rebecca Grady Jennings, District Judge*
United States District Court

January 12, 2023